UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: BENJAMIN MARTINEZ, JR. and
MARGARET L. MARTINEZ,

No. 7-11-15027 JA

Debtors.

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS,

Plaintiff,

v.

Adversary No. 12-1186 J

MARGARET L. MARTINEZ,

Defendant.

## MEMORANDUM OPINION

Plaintiff New Mexico Department of Workforce Solutions ("NMDWFS") filed this adversary proceeding seeking a determination of non-dischargeability of debt under 11 U.S.C. § 523 following Defendant Margaret L. Martinez's rescission of a Reaffirmation Agreement between the NMDWFS and Ms. Martinez reaffirming a debt in the amount of $8,993.00. The reaffirmed debt represents unemployment benefits that NMDWFS asserts Ms. Martinez fraudulently obtained. Ms. Martinez filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., asserting that NMDWFS's complaint to determine non-dischargeability of debt is untimely, and that the reaffirmation agreement between NMDWFS and Ms. Martinez is unenforceable. *See* Defendant's Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Debt Pursuant to Fed. R. Civ.P. 12(b)(6) ("Motion to Dismiss") – Docket No. 5. NMDWFS opposes the Motion to Dismiss, asserting that the doctrine of equitable tolling applies.

The Court heard oral argument on the Motion to Dismiss on July 18, 2012 and took the matter under advisement. After considering the arguments of counsel, and being otherwise sufficiently informed, the Court finds that the Motion to Dismiss should be granted. Even if the Court were to accept for purposes of argument that the doctrine of equitable tolling extended the period for NMDWFS to file its non-dischargeability complaint, NMDWFS did not file its complaint within the reasonable tolled period of time.

In considering a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P., the Court must accept as true all well-pleaded facts alleged in the complaint and construe those facts in the light most favorable to the party opposing dismissal. *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006). New Mexico Department of Workforce Solutions' Complaint to Determine Dischargeability of Debt ("Complaint") includes the following allegations relevant to the Court's determination of the Motion to Dismiss:

1. Ms. Martinez received unemployment benefit payments totaling $8,993.00 to which she was not entitled. *See* Complaint, ¶ 6.

2. Ms. Martinez filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on November 19, 2011. *See* Complaint ¶ 2.

3. The Court had set a deadline of February 17, 2012 for the filing of a complaint to determine the dischargeability of debt in Ms. Martinez's bankruptcy case. *See* Complaint, ¶ 8.

4. NMDWFS sent a letter to Ms. Martinez's counsel on January 13, 2012 regarding the entry of a reaffirmation agreement under which Ms. Martinez would agree to repay the outstanding balance of the unemployment insurance benefits to which she was not

2

entitled. The letter stated that if Ms. Martinez did not enter into the reaffirmation agreement, NMDWFS would file a complaint to seeking to have the debt determined non-dischargeable. *See* Complaint, ¶ 9.

5. Ms. Martinez and NMDWFS entered into a reaffirmation agreement with NMDWFS on February 15, 2012 as proposed in the January 13, 2012 letter. *See* Complaint ¶ 10. Ms. Martinez and her counsel executed the Reaffirmation Agreement on February 10, 2012. NMDWFS executed and filed the Reaffirmation Agreement on February 15, 2012.[1]

6. Ms. Martinez filed a Notice of Rescission of Reaffirmation Agreement giving notice to the NMDWFS and to the Court of her rescission of the reaffirmation agreement on April 4, 2012. *See* Complaint ¶ 11.

NMDWFS filed its Complaint in this adversary proceeding on April 27, 2012. *See* Docket No. 1. NMDWFS's Complaint includes an allegation that the NMDWFS acted in a prompt and timely manner in addressing the Defendant's notice of rescission of the reaffirmation agreement. *See* Complaint, ¶ 12. However, whether NMDWFS acted in a prompt and timely manner for purposes of applying equitable tolling presents a mixed question of fact and law; a legal conclusion is made based on the underlying facts and circumstances. *See In re Bender,* 385 B.R. 800, *2 (9th Cir. BAP Nov. 21, 2007)(Table)(stating that "[e]quitable tolling presents a mixed question of law and fact.")[2] The Court discounts "legal conclusions clothed in factual garb" for purposes of ruling on a motion to dismiss. *Tronox Inc. v. Anadarko Petroleum Corp.*

---

[1] The parties stipulated to the Court taking judicial notice of the Reaffirmation Agreement filed of record in the Defendant's bankruptcy case. *See* Case No. 7-11-15027 JA – Docket No. 11.
[2] *See also Markus v. Fried (In re Geneva Steel),* 389 B.R. 231, 240 (Bankr.D.Utah 2008)(observing that whether a party seeking to invoke the doctrine of equitable tolling acted diligently "is measured by an objective standard" such that "the Court may determine, as a matter of law, whether a plaintiff discovered, or should have discovered, that the alleged fraud occurred, but nonetheless, failed to timely file suit.")(citing *In re M & L Business Mach. Co., Inc.,* 75 F.3d 586, 591 (10th Cir. 1996)).

3

*(In re Tronox Inc.),* 429 B.R. 73, 90 (Bankr.S.D.N.Y. 2010)(citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). *See also, Ashcroft v. Iqbal,* 556 U.S. at 678 (in evaluating a motion to dismiss "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

    A.  <u>The Reaffirmation Agreement is Enforceable, Absent Rescission</u>

Pursuant to 11 U.S.C. § 524(c), a debtor may enter into an agreement with a creditor to reaffirm a debt that would otherwise be dischargeable. *See* 11 U.S.C. § 524(c). The effect of reaffirming a debt is to except the debt from discharge. *See Jamo v. Katahdin Federal Credit Union (In re Jamo),* 283 F.3d 392, 398 (1st Cir. 2002)(explaining that "reaffirmation represents the only vehicle [other than a successful non-dischargeability suit] through which an otherwise dischargeable debt can survive the successful completion of Chapter 7 proceedings . . . . once a debt is reaffirmed, the creditor can proceed to enforce its rights as if bankruptcy had not intervened."); *In re Reed,* 403 B.R. 102, 104 (Bankr.N.D.Okla. 2009)(stating that "[d]ebt that would otherwise be trapped within the snare of the bankruptcy discharge, if reaffirmed, remains the debtor's personal liability and burden."). For debtors who are represented by counsel, the requirements for entering into an enforceable reaffirmation agreement are:

> (1) such agreement was made before the granting of the discharge under section 717, 1141, 1228 or 1328 of this title;
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection which states that
>> (A) such agreement represents a fully informed and voluntary agreement by the debtor;
>> (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
>> (C) the attorney fully advised the debtor of the legal effect and consequences of—

4

> > > (i) an agreement of the kind specified in this subsection; and
> > > (ii) any default under such an agreement;
> > (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim[.]

> 11 U.S.C. § 524(c).

Court approval is not a condition to enforceability of the agreement. *In re Perez,* 2010 WL 2737187, *4 (Bankr.D.N.M. July 12, 2010). In *Perez,* this Court found that the requirements of 11 U.S.C. § 524(c)(3) are not satisfied if counsel fails to make all three certifications. *Id.*

Ms. Martinez asserts that the reaffirmation agreement was unenforceable under this Court's *Perez* decision because her counsel crossed out one of the certifications on the agreement. This Court disagrees. Counsel crossed out the certification on the Reaffirmation Agreement stating that "this agreement does not impose an undue hardship on the debtor or any dependent of the debtor." *See* Reaffirmation Agreement, p.6 – Case No. 7-11-15027 – Docket No. 11. However, counsel for Ms. Martinez also checked the box on the Reaffirmation Agreement stating that "[a] presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment." *Id.* By checking the box on Part C stating that a presumption of undue hardship has been established, but in the opinion of counsel, the debtor is nevertheless able to make the payments, counsel has effectively made the undue hardship certification. *See Perez,* 2010 WL 2737187 at *4 n.6. Thus, the Reaffirmation Agreement between NMDWFS and Ms. Martinez was enforceable at the time the parties entered into the agreement.

An enforceable reaffirmation agreement can function as an acceptable alternative to filing a complaint objecting to dischargeability of debt because it can accomplish the same result: a

5

debt that is reaffirmed is excepted from discharge.[3]  However, by entering into a reaffirmation agreement with Ms. Martinez instead of either 1) timely filing an adversary proceeding seeking a determination of non-dischargeability; or 2) obtaining entry of an order extending the time to file a complaint[4]; NMDWFS took a risk that Ms. Martinez could rescind the agreement.   A debtor who enters into a reaffirmation agreement can rescind (cancel) the agreement "at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date [the debtor's] reaffirmation agreement is filed with the court, whichever occurs later."  11 U.S.C. § 524(k)3)(J)(i).  The Complaint recites that Ms. Martinez rescinded the Reaffirmation Agreement on April 4, 2012, which is within sixty days of the date the Reaffirmation Agreement was filed with the Court.  *See* Case No. 7-11-15027 JA – Docket No. 11.  By rescinding the Reaffirmation Agreement, Ms. Martinez rendered the agreement unenforceable.

  B. <u>Even if the Court Were to Apply the Doctrine of Equitable Tolling to the Facts Alleged in the Complaint, NMDWFS's Complaint is Untimely as a Matter of Law</u>

A complaint objecting to the dischargeability of a particular debt under 11 U.S.C. § 523(c)[5] in connection with a Chapter 7 bankruptcy case must be filed "no later than 60 days after

---

[3] Defendant's counsel points out that the Reaffirmation Agreement between NMDWFS and Ms. Martinez is unusual inasmuch as the agreement reaffirms an unsecured debt whereas reaffirmation agreements typically involve debts that are partially secured by collateral, such as a vehicle.  But there is no requirement that the debt a debtor chooses to reaffirm be secured by collateral.  *See In re Kinion,* 207 F.3d 751, 755 (5th Cir. 2000)(the Bankruptcy Code "permits reaffirmations of unsecured as well as secured debt.").  *See also, In re Bailey,* 664 F.3d 1026, 1030 (6th Cir. 2011)(stating that "[a] debtor theoretically might try to reaffirm an *unsecured* debt as well.  Yet, as a matter of economic self-interest, debtors rarely take this route.").

[4] For example, NMDWFS could have obtained entry of an order extending the time to object to non-dischargeability until ten days after the expiration of the rescission period in the event the debt was reaffirmed.

[5] Section 523(c) provides, in relevant part:
  The debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) as the case may be, of subsection (a) of this section.
  11 U.S.C. § 523(c)(1).

The Complaint does not specify under which subsection of 11 U.S.C. § 523 NMDWFS asserts its non-dischargeable claim.  But because NMDWFS's claim is based on its allegations that Ms. Martinez fraudulently obtained

6

the first date set for the meeting of creditors under § 341(a)." Rule 4007(c), Fed.R.Bankr.P. This limitation period may be extended, for cause, on a motion of a party in interest filed before the expiration of the deadline. *Id.* NMDWFS filed its Complaint *after* the sixty-day deadline for filing a complaint objecting to the dischargeability of its debt. NMDWFS did not seek an extension of the deadline prior to the expiration of the time period set forth in Rule 4007(c), but asserts that it should be allowed to pursue this non-dischargeability action under the doctrine of equitable tolling. Equitable tolling can apply to the deadline set forth in Rule 4007(c), Fed.R.Bankr.P.[6] Equitable tolling applies because the time limit for objecting to dischargeability of a debt is not jurisdictional. *McNaughton v. Maytorena (In re Maytorena),* 2011 WL 5509194, * 6 (Bankr.D.N.M. Nov. 4, 2011).[7]

Generally, in order to establish that equitable tolling applies, a plaintiff must establish[8] that the defendant's conduct rose to the level of "active deception," that the plaintiff was "lulled

---

unemployment benefits to which she was not entitled, the Court will assume, for purposes of the Motion to Dismiss, the NMDWFS's Complaint intends to assert a non-dischargeability claim under 11 U.S.C. § 523(a)(2)(A).

[6]*See In re Benedict,* 90 F.3d 50, 54 (2nd Cir. 1996)(holding that the deadline in Rule 4007(c) is subject to waiver, estoppel, and equitable tolling); *Sunflower Bank, N.A. v. Otte (In re Otte),* 2004 WL 2187175 (Bankr. D. Kan. Aug. 3, 2004)(finding that the doctrine of equitable tolling can be applied to the deadline in Rule 4007(c)); *First Bank System, N.A. v. Begue (In re Begue),* 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995)(reasoning that because Rule 4007(c) serves as a statute of limitations, "this statutory filing deadline is subject to the defenses of waiver, estoppel, and equitable tolling.")(citations omitted). *But see Lyon v. Aguilar (In re Aguilar),* 470 B.R. 606, 615-616 (Bankr.D.N.M. 2012)(J. Starzynski)(finding that Rule 4007(c), Fed.R.Bankr.P. is in the nature of a "statute of repose" that is not subject to equitable tolling); *Owen v. Miller (In re Miller),* 333 B.R. 368, 372 (Bankr.N.D.Tex. 2005), *aff'd,* 2006 WL 6507922 (N.D.Tex. Mar. 28, 2006)(finding that equitable tolling cannot be "raised as a defense to a motion to dismiss a late-filed dischargeability action.").

[7]*See also, Wahrman v. Bajas (In re Bajas),* 443 B.R. 768, 773 (Bankr.E.D.Mich. 2011)("The deadline for filing a §523(c) non-dischargeability action is not jurisdictional. Rather, it is subject to the defenses of waiver, estoppel, and equitable tolling.")(citing *Nardei v. Maughan (In re Maughan),* 340 F.3d 337, 341 (6th Cir. 2003)); *Yesh Diamonds, Inc. v. Yashaya (In re Yashaya),* 403 B.R. 278, 285 (Bankr.E.D.N.Y. 2009), *aff'd,* 2010 WL 3851993 (E.D.N.Y. Sept. 27, 2010)(reasoning that because 4007(c) is not jurisdictional, it is subject to equitable tolling, waiver, and equitable estoppel); *Ross v. Camus (In re Camus),* 386 B.R. 396, 397 (Bankr.D.Conn. 2008)(reasoning that because the deadline in Rule 4007(c) is not jurisdictional and is, instead, comparable to a statute of limitations, it is also subject to equitable defenses, including equitable tolling). *But cf. In re Rowland,* 275 B.R. 209, 216 (Bankr.E.D.Pa. 2002)(holding that, even if Rule 4007(c) were not jurisdictional, the sixty-day deadline for filing complaint objecting to the dischargeability of a particular debt could not be extended on untimely motion based on theory of equitable tolling).

[8]"The party who invokes equitable tolling bears the burden of proof." *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002)(citation omitted); *Olson v. Federal Mine Safety and Health Review Comm'n,* 381 F.3d 1007, 1014 (10th

7

into inaction" by a defendant, or that the plaintiff has been "actively misled" by the defendant or "has in some extraordinary way been prevented from asserting his or her rights." *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996)(citations and internal quotation marks omitted).[9]  Equitable tolling should be applied sparingly. *See United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001)(*per curiam*)(stating that "'[f]ederal courts have typically extended equitable relief only sparingly.'")(*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435(1990)).  Because proceedings objecting to discharge or to dischargeability affect a debtor's primary goal of obtaining a fresh start through bankruptcy, the Court is especially cautious in applying the doctrine of equitable tolling to the limitations period under Rule 4007(c), Fed.R.Bankr.P. *See In re Kontrick,* 295 F.3d 724, 733 (7th Cir. 2002), *aff'd,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)(observing that these equitable defenses "must be applied in a manner consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree.").

"The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware [he or] she may have a cause of action." *Higgins v. Erickson (In re Higgins),* 270 B.R. 147, 158 (Bankr.S.D.N.Y. 2001)(citing *Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2nd Cir. 1985)).  NMDWFS's letter to Defendant stated that NMDWFS would file a complaint objecting to the dischargeability of debt

---

Cir. 2004)(the party claiming the benefit of equitable tolling of a limitations statute bears the burden of proving that equitable tolling should be applied)(citations omitted).
[9]*See also, Family Golf Centers, Inc. v. Acushnet Company and Fortune Brands, Inc. (In re Randall's Island Family Golf Centers, Inc.),* 288 B.R. 701, 704 (Bankr.S.D.N.Y. 2003), *adhered to on reargument by* 290 B.R. 55 (Bankr.S.D.N.Y. 2003)(observing that equitable tolling "has been allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading within the period of limitations, or has been induced or tricked by his adversary into permitting the deadline to pass.")(citing *Young v. United States,* 535 U.S. 43, 122, S.Ct. 1036, 1041, 152 L.Ed.2d 79 (2002)(remaining citation omitted)).

Case 12-01186-j    Doc 15    Filed 07/25/12    Entered 07/25/12 15:23:05    Page 8 of 11

if Defendant did not enter into a reaffirmation agreement. NMDWFS was, therefore, aware that it had a potential cause of action for non-dischargeability of debt. However, when Ms. Martinez entered into the Reaffirmation Agreement, NMDWFS believed it had secured an agreement that the debt would not be discharged in Ms. Martinez's bankruptcy case, and therefore, there was no need to file a non-dischargeability complaint. Even if the Court presumes that Ms. Martinez's actions lulled NMDWFS into inaction such that equitable tolling could apply, the remaining question is how long the period should be tolled. When equitable tolling is applied to a statute of limitations, the running of the limitations period is tolled "'so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct.'" *Otte,* 2004 WL 2187175 at \*2 (quoting 4 Wright & Miller, *Fed. Prac. & Proc.: Civil 3d* §1056 at 255 (West 2002)).[10]

Here, the alleged "misconduct" is Ms. Martinez's rescission of the Reaffirmation Agreement after the expiration of the deadline for filing a complaint objecting to dischargeability. What is an appropriate tolling period following the rescission date? The Reaffirmation Agreement reflects that Ms. Martinez and her counsel signed the agreement on February 10, 2012 and a representative for NMDWFS signed the agreement on February 15, 2012. *See* Reaffirmation Agreement, Case No. 7-11-14027 JA - Docket No. 11. The Reaffirmation Agreement was filed of record in Ms. Martinez's bankruptcy case on February 15, 2012. Had Ms. Martinez not entered into the Reaffirmation Agreement, the Complaint alleges that NMDWFS would have filed a complaint contesting the dischargeability of the debt. The deadline for timely filing a complaint objecting to the dischargeability of debt in Ms. Martinez's bankruptcy case was February 17, 2012. In light of the dates that each party signed the

---

[10] *Cf. In re Dreiling,* 233 B.R. 848, 878 (Bankr.D.Colo. 1999)(stating that when a transaction is actively concealed, the deadlines under § 546(a)(1) and § 549(d)(1) "are tolled until there is discovery of the fraud.").

9

Reaffirmation Agreement and the dischargeability deadline, the Court finds, as a matter of law, that the maximum tolled time period is seven days.[11] Ms. Martinez rescinded the Reaffirmation Agreement on April 4, 2012. The equitably tolled time period for NMDWFS to file its Complaint expired seven days thereafter, on April 11, 2012. NMDWFS filed its Complaint on April 27, 2012. Thus, even if the Court accepts as true the factual allegations that could support application of equitable tolling, NMDWFS's Complaint is untimely.

The Reaffirmation Agreement was filed in Ms. Martinez's bankruptcy case just two days before the expiration of the period for filing a complaint objecting to the dischargeability of a particular debt. Had Ms. Martinez refused to enter into the Reaffirmation Agreement, NMDWFS stated that it would have filed its Complaint. That Ms. Martinez willingly entered into a Reaffirmation Agreement on favorable terms and then rescinded the agreement only *after* the expiration of the period for filing a dischargeability complaint seems a bit disingenuous. But NMDWFS chose to pursue its non-dischargeabilty claim, not by filing an adversary proceeding, but by requesting the Defendant to enter into an agreement to reaffirm the debt. NMDWFS ran the risk that Ms. Martinez might rescind the agreement; it did not obtain a stipulation from Ms. Martinez extending time to file a dischargeability complaint. Equitable "[t]olling is inappropriate when a claimant has voluntarily chosen not to protect its rights." *In re Williams,* 333 B.R. 68, 75 (Bankr.D.Md. 2005). Under these circumstances, even if the Court accepts NMDWFS's assertions that Ms. Martinez actively misled NMDWFS such that equitable tolling should be applied, the tolling period is limited to the time NMDWFS would have otherwise had to act. NMDWFS did not file its Complaint within the equitably tolled period following Ms. Martinez's rescission of the Reaffirmation Agreement. This result is unfortunate, since it

---

[11]The time that elapsed between February 10, 2012 (the date Ms. Martinez signed the Reaffirmation Agreement) and February 17, 2012 (the deadline for filing a complaint objecting to dischargeability) is seven days.

10

appears to the Court that Ms. Martinez does not contest the fact that the debt at issue would otherwise constitute a non-dischargeable debt. Nevertheless, NMDWFS did not timely pursue its rights and its claim is time-barred.

Based on the foregoing, the Court concludes that the Motion to Dismiss will be granted. The Court will enter a separate order consistent with this Memorandum Opinion.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 25, 2012

COPY TO:

**Elizabeth A. Garcia**
**Tami L. Keating**
Attorneys for Plaintiff New Mexico Department of Workforce Solutions
PO Box 1928
Albuquerque, NM 87102-9811

**Dennis A. Banning**
Banning Law Firm
Attorney for Defendant Margaret L. Martinez
10801 Lomas Blvd NE #104
Albuquerque, NM 87112